MICHAEL F. FRANK, ATTORNEY AT LAW
Michael F. Frank, Esq. (CA SBN 125149)
9903 Santa Monica Blvd., Suite 924
Beverly Hills, CA 90212
Tel: 310-277-2559
Fax: 866-279-2860
Email: mfrankatty@aol.com


NELSON MULLINS RILEY AND
SCARBOROUGH LLP
Mark S. VanderBroek (Pro Hac Vice)
201 17th Street NW, Suite 1700,
Atlanta, GA 30363
Tel: 404-322-6000
Fax: 404-322-6050
Email: mark.vanderbroek@nelsonmullins.com


Attorneys for Plaintiff
CAUCHO TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| CAUCHO TECHNOLOGY, INC. ) | CASE NO. 2:18-CV-00557 |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT FOR INJUNCTIVE RELIEF |
| v. ) | AND DAMAGES |
| ) | JURY TRIAL DEMANDED |
| RESIN, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Caucho Technology, Inc. ("Caucho" or "Plaintiff"), by and through its attorneys, hereby files this Complaint for Injunctive Relief and Damages against Defendant Resin, Inc. ("Resin, Inc." or "Defendant") based on trademark infringement under the laws of the United States and of the State of California, showing the Court as follows:

1

## PARTIES

1. Caucho is a corporation duly organized under the laws of the State of California which maintains its principal place of business at 4455 Morena Blvd., Ste 115, San Diego, CA 92117.

2. Defendant Resin, Inc. is a Delaware corporation which, upon information and belief, maintains its principal place of business at 1517 12th Avenue, Seattle, Washington 98122, which is subject to the personal jurisdiction of this Court as described below.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, and under principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure § 410.10, because Defendant regularly conducts business in and is therefore present in California, and used to be registered to do business in California; and inasmuch as Defendant's infringing activities take place in the State of California, and are directed to California residents, and Defendant has solicited and conducted business within the State of California, and maintains an interactive website accessible in the State of California.

5. Venue is proper in this District by virtue of 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims have occurred and are occurring in this District and because Defendant is subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL COUNTS

### A. <u>Caucho and Its RESIN Trademark and Software</u>

6. Caucho is a software development company, established in 1998 and incorporated in 1999, that develops, markets and sells software throughout the United States and around the world.

7. Caucho's flagship product for the last 18 years has been a software product called RESIN® that offers solutions for web applications, including applications that utilize large numbers of physical and cloud servers. Caucho's RESIN® software is used in developing software applications for global computer information networks, including in connection with software applications for the Internet of Things, also known as "IoT."

8. Caucho's RESIN® software is deployed by millions of users in worldwide industries, including but not limited to travel, finance, manufacturing, logistics, insurance, marketing, automotive, retail, and government.

9. Since at least March 2000, Caucho has extensively promoted its goods, and services under its RESIN® Trademark (the "RESIN Mark") in interstate commerce for computer software used in the development of software applications. Caucho has acquired valuable goodwill in the RESIN Mark through its longstanding, continuous, and exclusive use of the Mark to identify the source and origin of its primary software product for more than 18 years, throughout the United States (and in other countries as well).

10. Since at least 2004, Caucho also has made continuous and exclusive use of a stylized version of the RESIN Mark using a distinctive lowercase stylized font, as shown below.



This is the same lowercase stylized font that Caucho has used, since at least 2002, for a stylized version of its CAUCHO trademark, which is registered with the United States Patent and Trademark Office (Registration No. 3479936). 

11.     Caucho's RESIN software has been very successful.  Since 2000, Caucho's Resin software has been downloaded and licensed by millions of open source users, and has been purchased and licensed by many thousands of business users as well.

12.     By 2011, Caucho's RESIN software was identified as a "Visionary" by Gartner, a leading software industry analyst. A 2012 Netcraft (netcraft.com) study indicated that use of RESIN software grew tenfold in the period from 2011-2012.

13.     Caucho owns a U.S. Trademark registration for its RESIN Mark, Registration No. 2423978, issued in January 2001, for "computer software for use in developing software applications for global computer information network."  Attached hereto as **Exhibit A** is a true and correct copy of the RESIN Trademark registration certificate.

14.     The RESIN Mark continues to be registered on the United States Patent and Trademark Office Principal Register.  The RESIN Mark is in full force and effect and is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, providing conclusive evidence of the registration's validity, of Caucho's ownership in the mark, and of Caucho's exclusive right to use the mark in commerce for the services listed above, as provided in 15 U.S.C. § 1057(b) and § 1115(a).

15.     In addition to its incontestable federal rights, Caucho also owns common law rights in the RESIN Mark, including in the stylized version of the RESIN Mark.

16.     Caucho's RESIN Mark is a strong mark, because it is an arbitrary and fanciful mark when applied to software, and because Caucho was the only business using a RESIN mark to identify its software prior to Resin, Inc.'s recent adoption and use (as detailed below).

17.     Caucho has developed substantial goodwill in the RESIN Mark as a result of its longstanding, widespread, and exclusive use of the Mark to identify, market, promote and sell its primary software product, and in view of the millions of users of Caucho's Resin software and the software industry acclaim that it has garnered.

**B. Defendant Resin, Inc.'s Adoption and Unauthorized Use of The RESIN Mark and a Confusingly Similar RESIN.IO Mark**

18. Defendant Resin, Inc. is also a company that develops, markets and sells software. Upon information and belief, Resin, Inc. was not formed until October 13, 2014.

19. Resin, Inc., with knowledge of Caucho's RESIN mark, not only adopted a corporate name consisting of the RESIN Mark, but also adopted and has been using the identical RESIN Mark, and a confusingly similar related mark, RESIN.IO (collectively, the "Infringing RESIN Marks") to identify, market and sell its software products.

20. Resin, Inc. also adopted and has been using stylized versions of the Infringing RESIN Marks that use the same stylized lowercase lettering font that Caucho has been using for many years for its RESIN and CAUCHO Marks. The stylized version of the Infringing RESIN Marks are depicted below:

 

21. Resin, Inc. operates a website under the domain name www.resin.io, under which it markets and offers its software products for sale, and from which it permits customers to download its software products.

22. The RESIN.IO Mark is merely the RESIN Mark with the ".io" top level domain added to it, which is legally insufficient to distinguish that mark from Caucho's RESIN Mark.

23. Resin Inc.'s use of the Infringing RESIN Marks is without license, authorization, or consent from Caucho.

24. Resin, Inc. adopted the Infringing RESIN Marks for its own use not only with full awareness of Caucho's prior rights in the RESIN Mark, but in bad faith and with the intent to copy the RESIN Mark and free ride on the well-established goodwill that Caucho has developed in the RESIN Mark and software over 18 years of continuous and exclusive use.

25. Defendant's Infringing RESIN Marks are not only identical to Caucho's federally registered RESIN Mark (with the non-distinguishing addition of the ".io" top level domain to the

RESIN.IO mark), but are also used to identify similar software products sold to similar target customers.

26. Caucho's RESIN software is used for developing software applications used in global computer information networks, internal networks, and almost every platform that the Internet makes available – including for developing software applications for the IoT. Similarly, Defendant Resin, Inc.'s RESIN software is used for functions including the development and management of software applications deployed on other devices and the IoT.

27. Caucho's RESIN software is most widely deployed on the Linux operating system, and has been used for almost twenty years to bring computer devices, including Linux operating system devices, onto the Internet or IoT. Similarly, Resin, Inc. refers to working with the Linux operating system as one of the main features of its RESIN software, stating on its website that "If you're connecting Linux devices resin.io is for you."

28. Resin, Inc. sought to register its RESIN Mark with the United States Patent and Trademark Office, in the same classification of goods as Caucho's RESIN Mark. In response, the trademark examiner issued an office action denying registration, citing likelihood of confusion with Caucho's RESIN Mark and finding that "registrant's [Caucho's] services are essentially identical to applicant's [Resin, Inc.'s] services." A true and accurate copy of the Office Action is attached hereto as **Exhibit B.**

29. Given the similarity in the parties' respective competing software products and functions, they are marketed, sold and licensed to similar target customers using similar marketing methods and channels of distribution. As noted on Resin, Inc.'s website, it, like Caucho, markets and downloads its software over the Internet.

30. Resin, Inc.'s use of the Infringing RESIN Marks is likely to cause confusion, to cause mistake, or to deceive and mislead as to the source, origin, sponsorship, or approval of Resin, Inc.'s and/or Caucho's RESIN software products, and to suggest that Resin, Inc. and its software products have an affiliation with, sponsorship of, or approval by Caucho, and/or that Caucho and

its software products have an affiliation with, sponsorship of, or approval by Resin, Inc., which they do not have.

31. In fact, Resin, Inc.'s use of its Infringing RESIN Marks has caused and is continuing to cause actual confusion in the marketplace.

32. Caucho became aware of Resin, Inc.'s unauthorized use of the Infringing RESIN Marks when one of its own business vendors in the software industry became confused as to Caucho's affiliation with Resin, Inc. and its software products, and has since become aware of additional actual confusion. These incidents of actual confusion demonstrate that relevant consumers are likely to be confused as to the source and origin of the parties' products, or as to one party's affiliation with or sponsorship or approval of the other party or of the other party's products.

33. In the spring of 2017, Caucho sent demand letters to Resin, Inc., advising Resin, Inc. of Caucho's federal trademark registration, objecting to Resin, Inc.'s use of the Infringing RESIN Marks, and demanding that Resin, Inc. cease all use of the Infringing RESIN Marks. True and accurate copies of Caucho's demand letters are attached hereto as **Exhibits C & D.**

34. In response to the second letter, Resin, Inc. sent a letter on September 8, 2017 in which it stated that it would change its company name and rebrand its software products. A true and accurate copy of Resin, Inc.'s September 8, 2017 correspondence is attached hereto as **Exhibit E.** However, as of the filing of this Complaint, Resin, Inc. has failed to cease its use of the Infringing RESIN Marks or to agree to any timing or terms for doing so.

35. Notwithstanding Resin, Inc.'s constructive and actual notice of Caucho's prior trademark rights, Resin, Inc. continues to use the Infringing RESIN Marks.

36. Resin, Inc.'s actions demonstrate an intentional, willful, and malicious intent to trade and freeride upon the goodwill associated with the RESIN Mark to the irreparable injury of Caucho.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement
### (15 U.S.C. §§ 1114; Lanham Act § 32)

37. Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in paragraphs 1-36 above, inclusive.

38. Caucho's federal registration for the RESIN Mark is in full force and effect and, is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, providing conclusive evidence of the registration's validity, of Caucho's ownership of the mark, and of Caucho's exclusive right to use the mark in commerce.

39. The aforesaid actions of Resin, Inc., including but not limited to its adopting and using the Infringing RESIN Marks to identify, market, promote, sell, and offer for sale its similar software products and services, have and are likely to continue to cause confusion, mistake, or deception, thus constituting an infringement of Plaintiff's federally registered RESIN Mark in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

40. As a proximate result of Defendant Resin, Inc.'s actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of the RESIN Mark. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law. Unless enjoined, Defendant's conduct will cause Plaintiff irreparable harm for which there exists no adequate remedy at law.

41. Plaintiff is entitled to recover from Defendant all damages it has sustained and may later sustain due to Resin, Inc.'s improper conduct, and a disgorgement of Resin, Inc.'s profits from its infringing conduct, in an amount to be determined at trial and trebled pursuant to 15 U.S.C. § 1117.

42. Resin, Inc.'s actions have been willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to Plaintiff pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
### False Designation of Origin
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

43. Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in paragraphs 1-36 above, inclusive.

44. The aforesaid actions of Resin, Inc., including its adopting and using the Infringing RESIN Marks to identify, market, promote, sell, and offer for sale its products, has caused and is likely to continue to cause confusion, mistake, or deception as to the source and origin of Resin, Inc.'s products and/or Caucho's products, as to the affiliation, connection, or association of the Defendant with Plaintiff or vice-versa, as to Plaintiff's sponsorship, endorsement, or approval of Defendant and its products, and/or as to Defendant's sponsorship, endorsement, or approval of Plaintiff or its products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant's unauthorized use of the Infringing RESIN Marks, or colorable imitations thereof, has caused and is continuing to cause actual confusion of the public.

46. Unless preliminarily and permanently enjoined, Defendant Resin, Inc.'s conduct will cause Plaintiff irreparable harm for which there exists no adequate remedy at law.

47. Plaintiff is entitled to recover from Defendant all damages it has sustained and continues to sustain due to Resin, Inc.'s improper conduct and Resin, Inc.'s profits obtained from their improper conduct in an amount to be determined at trial and trebled pursuant to 15 U.S.C. § 1117.

48. Resin, Inc.'s actions have been willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to Plaintiff pursuant to 15 U.S.C. § 1117.

# THIRD CLAIM FOR RELIEF

## Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq.*

49. Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in paragraphs 1-36 above, inclusive.

50. The aforesaid actions of Resin, Inc., including its adopting and using the Infringing RESIN Marks to identify, market, promote, sell, and offer for sale its similar software products, has caused and is likely to continue to cause confusion, mistake, or deception as to the source and origin of Resin, Inc.'s products and/or Caucho's products, as to the affiliation, connection, or association of the Defendant with Plaintiff or vice-versa, as to Plaintiff's sponsorship, endorsement, or approval of Defendant and its products, and/or as to Defendant's sponsorship, endorsement, or approval of Plaintiff or its products.

51. Resin, Inc.'s unfair and unlawful conduct, including adoption and use of the Infringing RESIN Marks, has caused and is continuing to cause actual confusion of the public, and is likely to continue to deceive consumers.

52. Resin, Inc.'s conduct, including as described above, constitutes unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

53. Plaintiff will lose money and property as a result of Resin, Inc.'s unfair and deceptive business practices.

54. Resin, Inc.'s conduct was deliberate, knowing and in willful disregard of Caucho's property rights.

55. As a result of Resin, Inc.'s conduct, Caucho has suffered, and unless Resin, Inc.'s conduct is preliminarily and permanently enjoined, will continue to suffer, actual damages and irreparable harm for which there exists no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

56. Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in paragraphs 1-36 above, inclusive.

57. This count arises under the common law.

58. Through the longstanding prior and continuous use of the RESIN Mark in the State of California and across the United States, Caucho's RESIN Mark has become well-known and uniquely associated with, and distinctively identifies the source and origin of, Caucho's RESIN software products and services.

59. Defendant Resin, Inc.'s use of the Infringing RESIN Marks is likely to cause confusion, deception, and mistake, and therefor infringes upon and violates Caucho's common law rights in the RESIN Mark, including but not limited to the stylized versions of Caucho's RESIN Mark.

60. Resin, Inc.'s use of the Infringing RESIN Marks has caused and, unless enjoined, will continue to cause irreparable and immediate injury to Caucho for which Caucho has no adequate remedy at law.

61. Resin, Inc. continues, knowingly and willfully, to infringe upon the RESIN Mark despite being put on notice of Caucho's objections.

62. Resin, Inc.'s infringement of Caucho's RESIN Mark is willful.

63. As a result of the foregoing, Caucho has been damaged in an amount that will be ascertained at trial, including, but not limited to an amount for punitive damages as a result of the intentional nature of Resin's, Inc.'s actions.

## FIFTH CLAIM FOR RELIEF
### Common Law Unfair Competition

64. Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in paragraphs 1-36 above, inclusive.

65. By reason of the foregoing, Resin, Inc. has been and is engaged in acts of unfair competition in violation of the common law.

66. Upon information and belief, by virtue of Resin, Inc.'s unlawful conduct, it has made or will make substantial profits and gains to which it is not at law or in equity entitled.

67. Defendant Resin, Inc.'s unfair and unlawful conduct, including as described above, is likely to cause confusion and/or to deceive relevant consumers as to the origin or affiliation of the parties' respective RESIN software products, and has caused actual confusion, and is likely to continue to cause confusion.

68. Plaintiff Caucho has suffered and will continue to suffer competitive injury as a result of Resin, Inc.'s unfair competition.

69. Plaintiff Caucho is entitled to recover damages in amount to be determined at trial, including all profits derived by Resin, Inc. as a result of their unfair competition, as well as costs of litigation and attorneys' fees.

70. Resin, Inc.'s aforesaid conduct has caused Caucho irreparable harm and, unless enjoined, will continue to cause Caucho irreparable harm for which Caucho has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Caucho prays that this court enter judgment against Defendant Resin, Inc. as follows:

A. Enter a finding that Defendant Resin, Inc.:

 1. Infringed the RESIN Mark under 15 U.S.C. § 1114;

2. Conducted acts which resulted in a false designation of origin, affiliation, or sponsorship in violation of 15 U.S.C. § 1125(a);

3. Conducted acts which is likely to cause confusion and deceive consumers in violation of Cal. Bus. & Prof. Code §17200 *et seq.*;

4. Infringed the RESIN Mark under the common law;

5. Engaged in unfair competition under common law; and

6. Such conduct was willful.

B. That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, Cal. Bus. & Prof. Code §17200, and/or the common law, enjoining and restraining Defendant Resin, Inc. and its agents, servants, and employees, and those acting in concert or participation with them, from directly or indirectly:

1. using the marks RESIN or RESIN.IO, and any other mark or designation that is confusingly similar to the RESIN Mark, as part of a corporate name or in any other manner; and

2. applying to register, or maintaining an application to register, the marks RESIN or RESIN.IO with the U.S. Trademark and Patent Office or in any state.

C. That this Court, pursuant to the powers granted it under 15 U.S.C. § 1118 and/or the common law, order that all labels, signs, prints, packages, wrappers, receptacles, stationery, business cards, advertisements, and other material in the possession of Defendant bearing the Infringing RESIN Marks, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

D. That Defendant be required to account to Caucho for any and all profits derived by Defendant from the services provided through its use of the Infringing RESIN Marks or any other mark or designation that is confusingly similar thereto, and for all damages, including, but not limited to, compensatory and actual damages, sustained by Caucho by reason of said acts of infringement complained of herein, and that these amounts be trebled under 15 U.S.C. § 1117.

F. That Caucho be awarded punitive damages, to be determined in the enlightened conscious of the jury.

G. That Caucho be awarded its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and/or the common law and/or Cal. Bus. & Prof. Code § 17200.

H. That this Court grant such other and further relief as it shall deem just and necessary.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Caucho demands a trial by jury on all issues so triable.

DATED: January 22, 2018

Respectfully submitted,

MICHAEL F. FRANK, ATTORNEY AT LAW

By: /s/ Michael F. Frank
Michael F. Frank, Esq. (CA SBN 125149)

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: [signature]
Mark S. VanderBroek (*Pro Hac Vice*) (Pending)

*Attorneys for Caucho Technology, Inc.*

14